UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID STEPHEN MIDDLETON, | ) | |
| Petitioner, | ) | 3:09-cv-0638-KJD-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

Introduction and Background

    In this capital habeas corpus action, there are several motions pending: a motion to dismiss (docket #41), a motion for an evidentiary hearing (docket #98), a motion for leave to conduct discovery (docket #100), a motion for reconsideration of the denial of a motion for a stay (docket #106), and a motion for substitution of respondent (docket #114). The court will grant the motion for reconsideration, and will stay the case pending the completion of the petitioner's state court proceedings. The court will deny as moot, and without prejudice, the motion to dismiss, the motion for an evidentiary hearing, and the motion for leave to conduct discovery. The court will grant the motion for substitution of respondent.

    The petitioner, David Stephen Middleton, was convicted in 1997 of two counts of first degree murder, as well as two counts of first degree kidnapping, one count of grand larceny, one count of fraudulent use of a credit card, and one count of being an ex-felon in possession of a firearm.

Corrected Amended Petition for Writ of Habeas Corpus (docket #38), p. 2. Middleton was sentenced to death for the murders, and to prison terms for the other crimes. *Id*. After an unsuccessful direct appeal and state court habeas petition (*see id*. at pp. 2-10), Middleton, pro se, initiated this federal habeas corpus action on October 28, 2009. The court granted Middleton *in forma pauperis* status, and appointed counsel to represent him. Order entered November 2, 2009 (docket #4). With counsel, Middleton filed an amended habeas petition (docket #11), and then a corrected version of the amended petition (docket #38).

On October 28, 2010, respondents filed a motion to dismiss (docket #41). In response, on February 3, 2011, petitioner filed a motion for stay and abeyance (docket #90), requesting that the action be stayed pending the completion of a second state court habeas action initiated on September 2, 2010. Upon a motion filed by petitioner (docket #89), the court ordered further briefing of the motion to dismiss suspended pending resolution of the motion for stay (docket #91). The parties briefed the motion for stay (docket #92, #93). On April 5, 2011, the court denied that motion (docket #94).

The parties then completed the briefing of the motion to dismiss (docket #97, #104). In addition, Middleton filed a motion for an evidentiary hearing (docket #98) and a motion for leave to conduct discovery (docket #100), and the parties completed the briefing of those motions (docket #102, #103, #109, #110).

On July 8, 2011, Middleton filed a motion for reconsideration, requesting that the court reconsider its denial of the motion for a stay (docket #106). The respondents filed an opposition to that motion on July 19, 2011 (docket #108), and Middleton replied on August 2, 2011 (docket #111).

On September 13, 2011, respondents filed a motion for substitution of respondent (docket #114).

Motion for Substitution of Respondent

In their motion for substitution of respondent, the respondents inform the court that Renee Baker is now the warden of Ely State Prison, the prison where Middleton is incarcerated, and they request that Renee Baker be substituted for her predecessor, E.K. McDaniel, as the respondent warden in this action. Pursuant to Federal Rule of Civil Procedure 25(d), the court will grant respondents' motion. The court will direct the Clerk of the Court to make the necessary changes to the docket, to reflect that Renee Baker is now the respondent warden in this case.

Motion for Reconsideration of Denial of Stay

In the order entered April 5, 2011, denying the motion for stay, the court ruled that Middleton had not satisfied the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005), as necessary for a stay pending the ongoing state court proceedings. *See* Order entered April 5, 2011 (docket #94), pp. 3-9. In *Rhines*, the Supreme Court held that a district court may stay a mixed petition – a petition containing both exhausted and unexhausted claims – in "limited circumstances," so that a petitioner may present his unexhausted claims to the state courts without losing his right to federal habeas review to the one-year statute of limitations. *Rhines*, 544 U.S. at 273-75 (discussing how the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposed a one-year statute of limitations on the filing of federal petitions, affected the treatment of mixed petitions). In *Rhines*, the Court ruled that a district court may stay a mixed petition if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Id*. at 278. "[A] *Rhines* stay must be assessed "in light of the Supreme Court's instruction that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir.2008), citing *Rhines*, 544 U.S. at 273-75. Moreover, the court must keep in mind that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before seeking habeas relief in federal court. *Rhines*, 544 U.S. at 276-77; *see also Wooten*, 540 F.3d

at 1024.  In the April 5, 2011 order, the court ruled that Middleton had not shown good cause for his failure to exhaust his claims in state court.

In his motion for reconsideration, Middleton adds to his argument that there is good cause for his failure to exhaust his claims in state court.  Middleton's expanded argument should have been included in the briefing of his original motion for stay; nevertheless, in the interest of justice, and cognizant of the gravity of this capital habeas corpus action, the court will consider Middleton's more extensive argument in support of his motion for reconsideration.

Middleton argues that there is good cause for his failure to exhaust Ground 9 of his corrected amended petition, because the state withheld evidence from him.  *See* Motion to Reconsider (docket #106), pp. 4-7; Reply in Support of Motion to Reconsider (docket #111), pp. 2-4.  Ground 9 is a claim, under *Brady v. Maryland*, 373 U.S. 83 (1983), that "[t]he state failed to disclose exculpatory and impeachment evidence in violation of Mr. Middleton's federal constitutional rights to due process of law, equal protection of the laws, a fair trial, a fair and reliable sentence, effective assistance of counsel, and freedom from cruel and unusual punishment."  Corrected Amended Petition (docket #38), p. 160.

Now, in his motion for reconsideration, Middleton states that the state's withholding of exculpatory and impeachment evidence continued "throughout his trial and post-conviction proceedings," and "prohibited Mr. Middleton from raising – at a minimum – his claim that the state violated *Brady* and its progeny."  Motion to Reconsider, p. 6, lines 8-11.  In addition, in his reply in support of him motion for reconsideration, Middleton asserts that "[t]he petition before this Court is the first petition generated with the benefit of extra-record research and investigation; thus, it is the first petition where Mr. Middleton had the opportunity to uncover evidence of the state's unconstitutional misdeeds to support the assertion of a *Brady* claim."  Reply in Support of Motion to Reconsider, p. 3, lines 10-13.  The respondents do not, in response to the motion for reconsideration, contest these assertions by Middleton.

In his motion for reconsideration, then, Middleton establishes a causal connection between the state's alleged withholding of evidence, and his failure to exhaust his *Brady* claim. The court, therefore, finds that Middleton now shows good cause for his failure to exhaust, sufficient to satisfy that requirement for a *Rhines* stay.

Moreover, the court finds Ground 9 to be at least "potentially meritorious," as is necessary for a stay under *Rhines*. *See Rhines*, 544 U.S. at 278. And, the court sees "no indication that the petitioner intentionally engaged in dilatory litigation tactics." *See id*. Therefore, the court concludes that Middleton now shows that a stay is warranted, to allow Middleton to complete his pending state court proceedings before moving forward with this federal habeas action. The court will grant Middleton's motion for reconsideration, and will stay this case.

The court's intention is that this will be the last time that the court imposes a stay to facilitate Middleton's exhaustion of claims in state court. Middleton must exhaust *all* of his unexhausted claims in state court during the stay of this action imposed pursuant to this order.

Other Pending Motions

The motion to dismiss, filed by respondents on October 28, 2010 (docket #41) is grounded on Middleton's alleged failure to exhaust in state court all the claims in his corrected amended habeas petition. As the court is staying this action to allow exhaustion of Middleton's claims in state court, and as Middleton will be allowed, following the stay, to file a second amended petition, the stay of this action renders the motion to dismiss moot, and it will be denied, without prejudice, on that basis.

Furthermore, as Middleton's corrected amended petition will be likely superceded by a second amended petition, after the stay of this action is lifted, Middleton's motion for evidentiary hearing and motion for leave to conduct discovery, regarding claims in his corrected amended petition, are also rendered moot, and will be denied, without prejudice, on that basis.


1  **IT IS THEREFORE ORDERED** that petitioner's Motion to Reconsider Order Denying
2  Petitioner's Request for Stay and Abeyance (docket #106) is **GRANTED**.
3  **IT IS FURTHER ORDERED** that this action is **STAYED** to allow petitioner to exhaust,
4  in state court, all his unexhausted claims for habeas corpus relief.
5  **IT IS FURTHER ORDERED** that following the conclusion of petitioner's state court
6  proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.
7  **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by
8  respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to
9  proceed with diligence during the stay imposed pursuant to this order.
10  **IT IS FURTHER ORDERED** that, absent extraordinary circumstances, this will be the final
11  opportunity that this court provides to petitioner to return to state court to exhaust claims for habeas
12  corpus relief.
13  **IT IS FURTHER ORDERED** that, on or before **December 15, 2011**, petitioner shall file
14  and serve a status report, describing the status of his state court proceedings.  Thereafter, during
15  the stay of this action, petitioner shall file such a status report every 6 months (on or before
16  June 15, 2012; December 15, 2012; June 15, 2013; etc.).  Respondents may, if necessary, file and
17  serve a response to any such status report within 15 days after its service.  If necessary, petitioner
18  may reply within 15 days of service of the response.
19  **IT IS FURTHER ORDERED** that respondents' Motion to Dismiss (docket #41) is
20  **DENIED** as moot.
21  **IT IS FURTHER ORDERED** that petitioner's Motion for an Evidentiary Hearing
22  (docket #98) is **DENIED** as moot.
23  **IT IS FURTHER ORDERED** that petitioner's Motion for Discovery (docket #100) is
24  **DENIED** as moot.

1 **IT IS FURTHER ORDERED** that respondents' Motion for Substitution of Respondent
2 (docket #114) is **GRANTED**. The Clerk of the Court shall substitute Renee Baker for
3 E.K. McDaniel, on the docket, as the respondent warden in this action, and shall update the caption
4 of the action to reflect this change.

5       DATED: September 19, 2011

                                                    UNITED STATES DISTRICT JUDGE